United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD LEONG,<br><br>    Plaintiff,<br><br>v.<br><br>WARREN HAVENS, et al.,<br><br>    Defendants. | Case No. 18-cv-03603-JST<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: ECF No. 24 |

Before the Court is Plaintiff Arnold Leong's motion to remand to the Alameda County Superior Court. ECF No. 24. For the reasons stated below, the Court will grant the motion.

## I. BACKGROUND

Plaintiff Arnold Leong brings several claims against Warren Havens and various legal entities Havens formerly controlled.[1] ECF No. 1-3. As of November 16, 2015, these entities ("Receivership Entities") are under the control of a receiver appointed by the state court. ECF No. 24-1 at 8-9. The Receivership Entities hold hundreds of wireless spectrum licenses issued by the Federal Communications Commission ("FCC"). *See id.* at 10-38. Leong's claims arise from an ownership dispute over licenses Havens acquired between 1998 and 2001. ECF No. 1-3 at 5-8. Leong alleges that he and Havens entered into a partnership to obtain the licenses, with each partner to exercise equal decision-making control. *Id.* at 5-7. According to Leong, Havens violated their agreement by instead exerting full control over the licenses and using partnership funds for his own gain. *Id.* at 7-8.

---

[1] Namely: Verde Systems LLC; Telesaurus Holdings GB, LLC; Environmentel LLC; Environmentel-2 LLC; Intelligent Transportation & Monitoring Wireless LLC; V2G LLC; Atlis Wireless LLC; and Skybridge Spectrum Foundation. ECF No. 1-3 at 3-4.

Leong filed suit in Alameda County Superior Court in 2002, bringing claims including breach of contract, breach of fiduciary duty, and fraud. ECF No. 1-2. The court ordered the action to arbitration the following year. ECF No. 24 at 9. The arbitration began in 2005 and remains pending. *Id.* at 9, 13.

In June 2015, Havens removed this action to federal court for the first time, and this court remanded for lack of subject matter jurisdiction. ECF No. 24-1 at 53, 65-68. In July 2015, Leong filed a second amended complaint – now the operative complaint – adding additional state law claims and naming the Receivership Entities as defendants along with Havens. ECF No. 1-3 at 3-4.

In April 2015, the Chief Administrative Law Judge of the FCC sanctioned Havens for contemptuous, harassing, and disruptive conduct in violation of FCC rules. ECF No. 24-1 at 105-18. In November 2015, the state court placed the Receivership Entities under the control of Receiver Susan Uecker. *Id.* at 4-51. The court's order specifically barred Havens from "enforcing any suit or proceeding in the name of the Receivership Entities . . . or otherwise acting on behalf of the Receivership Entities." *Id.* at 8.

Havens removed the case to federal court for the second time on June 15, 2018.[2] ECF No. 1. On July 2, the Receiver notified the Court that the Receivership Entities did not consent to removal. ECF No. 23. Leong moved to remand the action to state court the following day. ECF No. 24.

## II. LEGAL STANDARD

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court[.]" 28 U.S.C. § 1441(a). A case must be removed "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is . . . removable." *Id.* § 1446(b)(3). "When a civil action is removed solely under [S]ection 1441(a), all defendants who have been properly joined

---

[2] Havens later filed a "supplemental and independent notice of removal." ECF No. 31. On August 10, with the Court's permission, Leong filed a supplemental reply. ECF Nos. 42-43.

2

and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "A state cause of action invokes federal question jurisdiction only if it 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012) (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). However, where "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim[,]'" complete preemption applies, and the action arises under federal law. *Id.* (citation omitted).

If the district court determines that it lacks jurisdiction, the action must be remanded back to state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). The court "resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042 (citation omitted).

## III. DISCUSSION

Leong offers three reasons the case should be remanded. ECF No. 24 at 6-8. First, Havens's notice of removal was untimely filed. *Id.* at 14-16. Second, not all defendants consent to removal. *Id.* at 16-17. Third, there is no subject matter jurisdiction, whether on the basis of complete preemption or ordinary federal question jurisdiction. *Id.* at 17-21. Leong additionally urges this Court to issue an order barring future attempts to remove the case. *Id.* at 23-24.

### A. Timeliness

Generally, a notice of removal must be filed within thirty days after service of the initial

3

complaint or summons. 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days" after the defendant receives any paper "from which it may first be ascertained that the case is one which is . . . removable." *Id.* § 1446(b)(3).

Havens argues that removal was timely because the Receiver moved to bar Havens from taking action with regard to certain FCC licenses on May 16, 2018, less than thirty days before Havens filed his June 15 notice of removal. ECF No. 1 at 10. Havens insists that the motion deprives him of rights under the Federal Communications Act – namely, control over the spectrum licenses at issue here. *Id.* at 9-10. According to Havens, "there is clearly federal question jurisdiction because the [motion papers] on their face concern FCC licensing actions and thus the Federal Communications Act, FCC rules, the jurisdiction of the FCC, and federal preemption under FCC exclusive jurisdiction." *Id.* at 11. But what Havens fails to explain is how the Receiver's motion was the *first* filing that put him on notice that the case was removable. *See* 28 U.S.C. § 1446(b)(3). As Leong points out, the Receiver's May 2018 motion sought only to enforce rights and responsibilities granted by the state court's November 16, 2015 receivership order. ECF No. 24 at 16. Assuming, without deciding, that placing FCC licenses under receivership would trigger federal question jurisdiction, the case was removable as of 2015, and Havens's notice of removal is now almost three years late. *Id.* at 15.[3]

Thus, the Court has determined that Havens failed to timely file his notice of removal. On that basis alone, the suit must be remanded to state court.

**B.    Failure to Join All Defendants**

"All defendants who have been 'properly . . . served in the action' must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (citing 28 U.S.C. § 1446(a)). The removing party has the burden "to explain affirmatively the absence of any co-defendants in

---

[3] Although the parties do not address the point, it bears mention that the FCC's role in issuing spectrum licenses to Havens and the Receivership Entities has been clear at least since Leong filed his initial complaint in 2002 – in other words, for the entire sixteen-year duration of this litigation. *See* ECF No. 1-2. If it were enough to establish federal question jurisdiction that a pleading "on [its] face concern[s] FCC licensing actions," as Havens alleges, such jurisdiction would have existed in this action long before May 2018. ECF No. 1 at 11.

4

the notice of removal." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006). "All parties must consent to removal except 'for nominal, unknown or fraudulently joined parties.'" *Beltran v. Monterey Cty.*, No. C 08-05194 JW, 2009 WL 585880, at *2 (N.D. Cal. Mar. 6, 2009) (quoting *United Comput. Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002)).

Leong's complaint names Havens and the eight Receivership Entities as Defendants. ECF No. 1-3 at 3-4. The Receiver has repeatedly emphasized that she is in control of the Receivership Entities and does *not* consent to removal on their behalf. ECF Nos. 23, 33. Because fewer than all properly served defendants have consented, Leong urges that remand is appropriate. ECF No. 24 at 16.

Havens offers several justifications for his failure to obtain consent from all defendants before removing the case. First, he asserts that he was the only defendant who actually needed to consent, because the Receiver's May 16, 2018 motion sought to enjoin only Havens from exerting control over the FCC licenses, without naming the other Receivership Entities. ECF No. 1 at 25. But as explained above, that particular filing has no special significance to the question of removability. In particular, the Receiver's motion did not alter the identity of the defendants who were "properly served in the action" and therefore did not narrow the list of parties whose consent to removal is needed. *See Destfino*, 630 F.3d at 956.

Next, Havens claims that "the [R]eceiver lost jurisdiction when the [s]tate court lost jurisdiction upon removal." ECF No. 31 at 21. This circular argument is a dog chasing its own tail. The state court can only do so once a case is properly removed, an event that has not yet occurred. And putting that question to one side, Havens also assumes that he – and not the Receiver – has the authority to act for the Receivership Entities as "President and Manager . . . caus[ing] them to join in and consent to this notice of removal." *Id.* at 15. But the state court's receivership order specifically barred Havens from "enforcing any suit or proceeding in the name of the Receivership Entities . . . ." ECF No. 24-1 at 8. That order remains in effect, because "[a]fter removal, the federal court 'takes the case up where the [s]tate court left it off.'" *Granny*

5

*Goose Foods, Inc. v. Bhd. of Teamsters Local 70*, 415 U.S. 423, 436 (1974) (citation omitted); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in [an] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."). Stated simply, a litigant may not evade a state court's receivership order simply by filing a notice of removal.

Havens's final argument is that he need not rely on Section 1441(a) (and thus did not need consent from all defendants) because he has two independent statutory grounds for removal: Section 1442, allowing for removal by federal officers and those acting under them, and Section 1443, which provides for removal in civil rights cases. ECF No. 1 at 15-21. Havens is not a federal officer, and this is not a civil rights case. Havens's protestations to the contrary do not change these facts.

Each of Havens's attempts to justify his failure to obtain consent to removal from the Receivership Entities is unavailing. The case was improperly removed without all defendants' consent, and it must be remanded.

### C. Subject Matter Jurisdiction

Given that the case was improperly removed, the Court addresses subject matter jurisdiction only briefly.

Havens first argues that the court has federal question jurisdiction because the Receiver's motion "on [its] face concern[s] FCC licensing actions and thus the Federal Communications Act." ECF No. 1 at 11. Going a step further, Havens alleges that Leong's actions "are preempted by the Federal Communications Act and FCC exclusive jurisdiction." ECF No. 1 at 30.

The Court finds that Leong's complaint does not raise any federal question. It brings only state law claims. This is fundamentally a contract dispute between former business partners, and none of Leong's claims "necessarily raise a stated federal issue, actually disputed and substantial." *See Grable*, 545 U.S. at 314. That the property under contention includes FCC-issued wireless spectrum licenses does not, in itself, render this a federal action. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Tama Broadcasting, Inc.*, 550 F. Supp. 2d 481, 488 (S.D.N.Y. 2008) (remanding to state court a receivership motion concerning entities in control of FCC licenses

6

because, despite the FCC's role in approving the licenses, "it is still the contracts, and not federal law, that the plaintiff seeks to have enforced").

Similarly, there is no complete preemption under the Federal Communications Act. The Act preempts claims that would require a court to substitute its own judgment for that of the FCC with regard to market entry, i.e., the issuance of wireless spectrum licenses. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1006-09 (9th Cir. 2010) (discussing 47 U.S.C. § 332(c)(3)(A)). Adjudicating Leong's contract claims will be in no way "equivalent to second-guessing the FCC's issuance of a license." *Id.* at 1010. Thus, there is no complete preemption here.

## CONCLUSION

For the foregoing reasons, Havens has failed to meet his burden to show that removal is proper. This action is therefore REMANDED to Alameda County Superior Court.[4]

**IT IS SO ORDERED.**

Dated: September 7, 2018

_____
JON S. TIGAR
United States District Judge

---

[4] In his motion to remand, Leong urges the court to "impose restrictions on future attempts to remove this case." ECF No. 24 at 8-9. That request, and the balance of the parties' requests that remain on the docket, are denied as moot because the Court does not have jurisdiction to entertain them.